JONES, Justice.
This appeal, from a malicious prosecution action, challenges the trial Court’s order overruling the Defendant’s motion for a new trial. Two grounds of that motion are properly presented for our review: 1) The sufficiency vel non of the evidence to support the verdict; and 2) The excessiveness vel non of the verdict. We affirm.
A brief recital of the factual background of this civil action will suffice for our purposes of review. Near the midnight hour of February 19, 1977, the Appellant/Defendant, Jon S. Gosnell, while operating a motorcycle on a public highway in Daphne, Alabama, was struck and injured by a car operated by the Appellee/Plaintiff, Diane Allen Slaughter. Gosnell, upon release from the hospital, “swore out” warrants for the arrest of Ms. Slaughter on two separate charges—Failure to Yield Right of Way and Leaving the Scene of an Accident. She was arrested, tried, found guilty of failure to yield and not guilty of leaving the scene. Subsequently, she brought this malicious prosecution action against Gosnell; and, upon trial, the jury rendered its verdict for the Plaintiff in the amount of $30,000.
In an action for malicious prosecution, the burden is on the Plaintiff to prove, in addition to the element of damages, that a judicial proceeding, initiated by the Defendant, without probable cause and with malice, was terminated favorable to the Plaintiff. Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514 (1969). The only elements here challenged are “without probable cause” and “with malice.” (The “excessive damages” issue is not a challenge of the element of damages essential to Plaintiff’s success in a malicious prosecution case.)
This Court, in the recent Case of S. S. Kresge Co. v. Ruby, 348 So.2d 484 (1977), discussed in some depth the respective definitions of these elements—lack of probable cause and malice—in the context of an action for malicious prosecution. Additionally, the case law establishing the burden of proof as to each of these essential elements, the defense of advice of counsel, and the scope of appellate review is cited and reaffirmed. A restatement of these principles here would serve no useful purpose.
Furthermore, in view of the pending litigation between these parties (arising out of the referenced accident and the resulting injuries), we deem it improvident to review in detail the evidence as we test the challenge to its sufficiency. Suffice it to say that, upon carefully reviewing the record of trial, we hold that the tendencies of the evidence clearly support the jury verdict; thus, we find no error in the ruling of the trial Court on this ground of the new trial motion. The tendencies of the evidence of lack of probable cause and malice is highlighted by testimony on behalf of the Plaintiff that Gosnell attempted to use the prosecution of Ms. Slaughter for leaving, the scene of an accident in pursuit of his claim for damages, as well as Gosnell’s own testimony that he thought the criminal prosecution “was necessary for insurance purposes.” Additionally, Gosnell’s repeated efforts to induce the investigating officers to initiate the prosecution were declined; and, in doing so, the officers explained the factual basis for their decision.
The evidence is virtually without dispute that Ms. Slaughter absented herself from the accident scene only briefly and this for the sole purpose of using a telephone to notify law enforcement authorities of the accident and to summon aid for the injured operator of the motorcycle. See § 32-10-1 et seq., Ala.Code 1975.
Nor are we persuaded that, in in view of the actual damages suffered by the Defendant in the criminal prosecution and all the attendant circumstances, the verdict *1160 is so excessive as to require reversal. S. S. Kresge Co. v. Ruby, supra.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.